UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID E. ROBINSON  and | ) |
| F. WILLIAM MESSIER, | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) 2:13-cv-00139-DBH |
| | ) |
| JOLINE P. HENDERSHOT, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION**

The three named defendants, all Internal Revenue Service employees, have filed a motion to dismiss (ECF No. 17), claiming that they were improperly named as defendants because the United States of America is the real party in interest and that the doctrine of res judicata bars the current lawsuit. A brief review of the procedural and factual history of this dispute is in order to explain why I am recommending that the motion to dismiss be granted.

**Factual Background**

The primary[1] plaintiff, F. William Messier, leases real estate in Brunswick, Maine, to several companies that operate telecommunication towers on his land. Messier believes he has

---

[1] The other listed plaintiff and  primary filer of pleadings with the court is David E. Robinson. Robinson's interest in the proceedings is apparently attributable to his claimed status as the "Interim Attorney General" of the "Maine Free State." (See Messier v. Internal Revenue Service, 2:12-cv-00320-DBH, Complaint at p.25 (copy of a letter request for discovery, recipients unknown, incorporated into complaint purportedly from a David E. Robinson, Interim Attorney General for the Maine Free State, dated May 16, 2012, and sent on behalf of F. William Messier)). As best I can ascertain, Robinson does not allege that he has any direct financial interest in this dispute and is acting as a self-proclaimed attorney general on behalf of Messier. Robinson is essentially engaged in the practice of law by purporting to appear in this court on behalf of another. It does not appear that Robinson has been admitted to the Bar of a state that is a member of the United States. Robinson's role in the current complaint is never explained. Robinson's name appears three times in the current complaint, in the caption, in the list of parties, and on the signature page. The relief requested in the current complaint does not pertain to him. The current complaint, at paragraph 40, does attempt to incorporate ECF No. 117 from the prior action, filed after judgment had entered. ECF No. 117 was actually a text order by me telling the plaintiffs that if they wanted to file anything else in that case the clerk had been instructed to accept only a document marked as an appeal to the First Circuit from the judgment entered or an appeal to the district court judge from my order. No appeal documents were ever filed in that case. I

no obligation to pay federal income tax, for frivolous reasons explained in the complaint, including that "he [i]s not under the jurisdiction of the IRS because . . . he is [not] an officer, agent, nor employee of the corporate United States." (Complaint at 1, ¶ 4.) Messier failed to file income tax returns for the years 2000 through 2010. The IRS made assessments against Messier of income tax, and related penalties and interest, for the years 2000 through 2004, based on information provided to the IRS by third parties. The balance of those liabilities, as of October 31, 2012, was $133,990. In early 2012, IRS Revenue Officer Joline Hendershot began collecting the liabilities, which included issuing levies to Messier's customers. The levies have collected approximately $36,984, as of October 29, 2012. Also in early 2012, IRS Revenue Agent Patrick Frie attempted to meet with Messier to encourage him to file income tax returns for 2005 through 2010. Messier responded with correspondence stating that he is not subject to federal income tax, and Frie sent back IRS publications explaining that the courts have uniformly rejected the positions of the "tax protester" movement.

## Procedural Background

On September 25, 2012, the plaintiffs filed their first "Complaint and Motion for Summary Judgment or Jury Trial" in the Superior Court for the State of Maine, Sagadahoc County. The United States removed that case, Messier v. Internal Revenue Service, 2:12-cv-00320-DBH ("Prior Action"), to the United States District Court for the District of Maine on October 19, 2012. Messier alleged in the prior action that he is not required to pay taxes because he is "not an officer, agent, [or] employee of the corporate United States" (Prior Action, Complaint at p.6 (emphasis omitted)), an allegation identical to one pressed herein. That 89-page complaint argued in the main that the federal income tax is not binding and that the IRS has

---

attached to my text order the various documents filed by Robinson after judgment, none of which was a notice of appeal and one of which purported to overrule the court's judgment.

no authority to levy. In the prior action Messier alleged he has no federal income tax liabilities and that the IRS's levies to his customers were wrongful. The complaint in the prior action makes no argument particular to the income tax liabilities and levies at issue, however, and is premised entirely on discredited tax-protester arguments. On March 7, 2013, this court entered final judgment on the prior action in favor of the defendants and against the plaintiffs.

Approximately three weeks later, on or about March 25, 2013, rather than appeal the decision in the prior action, the plaintiffs filed the instant "Courtesy Complaint and Motion for Summary Judgment" also in the Superior Court for the State of Maine, Sagadahoc County. The United States removed the case on April 12, 2013. The two pro se plaintiffs are, again, F. William Messier and David Robinson, though an explanation of Robinson's interest is missing from the current complaint. The demands for relief are set forth at the end of the complaint, in paragraphs 42, 43, and 44 (ECF No. 9-9), as follows:

> 42. Order Messier's (15) Payers to cease and desist sending Messier's payment to the foreclosed IRS and submit to the Court a total accounting of the funds that each Payer has surrendered to the IRS in this regard.
>
> 43. Order the defunct IRS to refund and pay twice the amount of the payments surrendered to the IRS by Messier's Payers directly to Messier within 20 days.
>
> 44. Grant such other and further relief as the Court deems proper and just.

The United States has now moved to dismiss the action because all of the plaintiffs' claims have already been decided, the named defendants have absolute immunity, the claims are jurisdictionally barred, and they are frivolous on the merits. (ECF No. 17.)

## Discussion

The defendants have raised four sound arguments explaining why this case must be dismissed. The plaintiffs have responded (Response, ECF No. 18) by citing to their public school civics class where they apparently learned that a good offense is the best defense. They

3

ask the court to dismiss the defendants' motion to dismiss on the "basis of dishonor and neglect." (Id. at 1.)  They characterize the United States' motion to dismiss as "frivolous" and then proceed to discuss in the next seventeen pages the various "reasons" why Messier has no tax liabilities to the United States.

Res judicata applies here because the plaintiffs are attempting to re-litigate claims that were already decided in the prior action.  The doctrine of res judicata applies to a claim that was previously determined by a final judgment in an earlier case between the same parties or their privies, arising out of the same transaction or the same set of facts.  Waldron v. George Weston Bakeries, Inc., 570 F.3d 5, 10 (1st Cir. 2009).  In order to apply the doctrine of res judicata, the "court must satisfy itself that 1) the same parties, or their privies are involved;  2) a valid final judgment was entered in the prior action;  and 3) the matters presented for decision were, or might have been, litigated in the prior action."  Roy v. City of Augusta, Maine, 712 F.2d 1517, 20 (1st Cir. 1983) (quoting Kradoska v. Kipp, 397 A.2d 562 (Me. 1979)).

There is no question but that this second case is subject to the res judicata bar.  The plaintiffs had their say on this dispute about the levy against Messier based upon unpaid taxes.  The plaintiffs oppose the res judicata argument because in their view the original complaint was not "answered, resolved, nor fully addressed."  (Response at 4.)  They are wrong.  Their complaint was fully resolved when the court entered judgment for the defendants and that judgment became final because they did not file an appeal.  The plaintiffs simply do not like or agree with the answer they received from this court.  They could have appealed but chose not to do so.

If the court disagrees with my recommendation that the case be dismissed because of the doctrine of res judicata, any one of the other three arguments carefully and fully briefed by the United States provides an independent reason for dismissal of this patently frivolous action.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

June 17, 2013                    /s/ Margaret J. Kravchuk
                                 U.S. Magistrate Judge